1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8   TEON MORRIS,

9                         Plaintiff,

10            v.

11  PIERCE COUNTY JAIL,

12                        Defendant.

CASE NO. C13-5989 RBL-JRC

ORDER TO FILE AN AMENDED
COMPLAINT

13    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

14  Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. §

15  636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

16    Plaintiff names the Pierce County Jail as the only defendant.  Plaintiff would need to

17  name the county, not the county jail as a defendant.  Counties are persons for the purpose of a 42

18  U.S.C. 1983 action. *See Miranda v. Clark County, Nev.*, 319 F.3d 465, 469 (9th Cir. 2003) (en

19  banc); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), *overruled on other*

20  *grounds by Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010) (en banc).

21    To establish municipal liability under 42 U.S.C. § 1983 against a defendant such as

22  Pierce County , a plaintiff must show (1) deprivation of a constitutional right; (2) that the

23  municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's

24  constitutional rights; and (4) the policy is the moving force behind the constitutional violation.

1    *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).  The Supreme Court has emphasized

2    that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal

3    liability; there is no *respondeat superior* liability under § 1983.  *Monell v. New York City Dept.*

4    *of Social Services*, 436 U.S. 658, 692 (1978).  A municipality may only be liable if its policies

5    are the "'moving force [behind] the constitutional violation.'"  *City of Canton v. Harris*, 489

6    U.S. 378, 389 (1989), (*quoting Monell* at 694). In order to state a § 1983 claim against a

7    governmental entity such as the Pierce County , a plaintiff must show that defendant's

8    employees or agents acted through an official custom, pattern or policy that permits deliberate

9    indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct.

10    *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los*

11    *Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

12       A municipality will not be liable for acts of negligence by employees of the jail or for an

13    unconstitutional act by a non policy-making employee.  *Davis v. City of Ellensburg*, 869 F.2d

14    1230, 1234-35 (9th Cir. 1989).  Evidence of mistakes by adequately trained personnel or the

15    occurrence of a single incident of unconstitutional action by a non-policy-making employee is

16    not sufficient to show the existence of an unconstitutional custom or policy.  *Thompson v. City of*

17    *Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

18       It may be that plaintiff will need to name the individual people he alleges violated his

19    rights rather than the county.  To state a claim against a person pursuant to 42 U.S.C. § 1983, at

20    least three elements must be met: (1) defendant must be a person acting under the color of state

21    law; and (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities

22    secured by the constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535,

23    (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986)P;

24

1   and (3) causation  *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87,

2   (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875,

3   (1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must

4   be dismissed.  That plaintiff may have suffered harm, even if due to another's negligent conduct

5   does not in itself necessarily demonstrate an abridgment of constitutional protections.  *Davidson*

6   *v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986).  Vague and conclusory allegations of official

7   participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v.*

8   *Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

9        The Court orders that plaintiff must file an amended complaint curing the defects in his

10  original complaint if he believes he can state a claim against Pierce County or against an

11  individual person.  Plaintiff's amended complaint must be filed on or before January 17, 2014.

12  Failure to file an amended complaint or failure to cure the defects in the original filing will result

13  in a report and recommendation that this action be dismissed for failure to comply with a court

14  order and failure to prosecute.

15        Dated this 12th day of December, 2013.

16

17  _____

18  J. Richard Creatura
    United States Magistrate Judge

19

20

21

22

23

24