UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TEON MORRIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE COUNTY,<br><br>　　　　　　Defendant. | CASE NO. C13-5989 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>AUGUST 1, 2014 |

This 42 U.S.C. § 1983 civil rights matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

Defendant has filed a motion to dismiss (Dkt. 11). The Court recommends granting defendant's motion because the prosecutor who charged plaintiff with escape is entitled to absolute immunity from damages. Further, plaintiff fails to plead or allege that any Pierce County custom or policy is at issue. Thus he has not pled facts to establish municipal liability.

1  The Court ordered plaintiff to amend his complaint to name a proper defendant (Dkt. 6).

2  Because plaintiff fails to state a claim, this dismissal would count as a strike pursuant to 28

3  U.S.C. §1915(g).

## FACTS

Plaintiff alleges in the amended complaint that unnamed law enforcement personnel arrested him for a third degree driving with a suspended license violation (Dkt. 7). Plaintiff does not contest the validity of this arrest. Plaintiff alleges that he became ill shortly after being booked into the Pierce County Jail. Plaintiff alleges that jail officials moved him to Tacoma General Hospital where he remained for four or five days (*id.*).

Plaintiff states that when he recovered from his illness the doctor came in with "discharge papers" (Dkt. 7, p. 3). Plaintiff alleges that the doctor released him and sent him home with additional medication to take. Plaintiff states that he recovered from the illness at home for an additional four or five days (*id.*). Plaintiff alleges that when he returned to the Pierce County Jail, to pick up his personal property, corrections officers arrested him for second degree escape (*id.*). Plaintiff states that Pierce County held him from August 26, 2010 until January 11, 2011. Plaintiff states that on January 11, 2011, his court-appointed attorney asked him "if I didn't escape where is my copy of the discharge papers." (*id*). Plaintiff alleges that he had his girlfriend bring down a copy of the discharge papers. Plaintiff alleges that charges were immediately dismissed and that Pierce County released him from jail later that day (*id.*). Plaintiff filed this action over two years later, on November 15, 2013 (Dkt. 1).

Defendant provides the Court with additional information that is contained in Pierce County Court documents (Dkt. 12). The Pierce County Prosecutor's Office filed charges against plaintiff alleging that on August 27, 2010, plaintiff committed the crime of escape in the second

1  degree when he left the hospital (Dkt. 12, Attachment A).  Defendant also provides a copy of the
2  order dismissing the escape charge (Dkt. 12, Attachment C).  On January 12, 2011, when the
3  state realized that it would be unable to prove the charge beyond a reasonable doubt, the charges
4  were dismissed (Dkt. 12, Exhibit C).  In addition, defendant provides a copy of the order
5  establishing conditions of release on the escape charge in which the Pierce County Superior
6  Court found probable cause to arrest (Dkt. 12, Attachment B).

7  Plaintiff seeks compensation for lost wages, pain and suffering, "delfcation"[sic] of
8  character, and unlawful incarceration (Dkt. 7).  The Court and defendant have interpreted
9  plaintiff's complaint to mean defamation of character rather than "delfcation."

10 STANDARD OF REVIEW

11 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss
12 a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal
13 theory or because of the absence of sufficient facts alleged under a cognizable legal theory.  *See,*
14 *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

15 For purposes of ruling on this motion, material allegations in the complaint are taken as
16 admitted and the complaint is construed in plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295
17 (9th Cir. 1983).  "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss
18 does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his
19 entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the
20 elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations
21 omitted).  "Factual allegations must be enough to raise a right to relief above the speculative
22 level, on the assumption that all the allegations in the complaint are true (even if doubtful in
23 fact)." *Id*. at 545.  Plaintiff must allege "enough facts to state a claim to relief that is plausible on
24

its face." *Id*. at 570. The Court liberally construes a pro se pleading but cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

In order to state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Normally, if the parties submit matters outside the pleadings, the Court must convert a motion from a motion to dismiss to a motion for summary judgment. *See*, Fed. R. Civ. P. 12(d). However, the Court may take judicial notice of certain facts. *See. U.S.* v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008). Thus, the Court's consideration of the Pierce County public records from plaintiff's court proceedings does not convert defendant's motion to dismiss to a motion for summary judgment.

## DISCUSSION

A.  Defamation of character.

Defendant argues that plaintiff's claim for defamation of character is subject to Washington State's two-year statute of limitations for libel and slander actions, instead of the three-year statute of limitations normally applied to civil rights actions (Dkt. 11. p. 3).

Civil rights actions are subject to the statute of limitation for a personal injury action in the state where the action arises. The appropriate statute of limitations for a § 1983 claim is the forum state's statute of limitations for tort actions. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985).

1  Washington State provides a three-year statute of limitations for tort claims. RCW §
2  4.16.080(2).
3      Plaintiff did not specifically raise any pendent state claim. He filed this action as a civil
4  rights action (Dkt. 1). A cause of action for defamation under 42 U.S.C. § 1983 is not the same
5  as a state libel or slander cause of action. To state a claim of defamation in the civil rights
6  context, plaintiff must allege injury to reputation from defamation, plus injury to a recognizable
7  property or liberty interest. *Crowe v. County of San Diego*, 608 F.3d 406, 444 (9th Cir. 2010);
8  *Wright v. Lehman*, 5. Fed. Appx. 654, 655 (9th Cir. 2001). Plaintiff alleges that the County
9  falsely charged him with escape and that the County held him illegally. On the assumption that
10 all the allegations in the complaint are true, plaintiff has pled a federal cause of action that is
11 entitled to the three-year statute of limitations.
12     "In determining whether a complaint states a claim, all allegations of material fact are
13 taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31
14 F.3d 813, 816 (9th Cir. 1994) (*per curiam*); *see also Estelle v. Gamble*, 429 U.S. 97, 99 (1976).
15 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as
16 true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when
17 the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
18 defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)
19 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court concludes that the
20 cause of action is plausible under the facts alleged. Further, a federal defamation claim in
21 Washington State has a three-year statute of limitation, rather than a two-year statute allowed
22 under state law for libel and slander. Accordingly, the Court recommends denying defendant's
23 motion to dismiss on this basis.
24

B.     Municipal Liability.

Defendant argues that no municipal custom or policy is at issue in this action and plaintiff has failed to state a claim against the only named defendant (Dkt. 11, pp. 11-14). On December 12, 2013, in the order to amend the complaint, the Court apprized plaintiff of the elements that he needed to plead to state a cause of action against a municipal defendant such as a county (Dkt. 6).

In order to state a claim against a county or other municipal entity plaintiff must show that defendant's employees or agents acted through an official custom, or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), (*quoting Monell* at 694).

A municipality will not be liable for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the

occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Plaintiff has failed to state a cause of action against Pierce County, the only named defendant. Plaintiff does not allege that the county employees acted under policy or custom in allegedly falsely arresting, holding, or charging him with escape. The Court liberally construes a pro se pleading but cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992). The Court recommends granting defendant's motion to dismiss on this issue.

C. Amendment of the complaint.

Pro se plaintiffs should be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (citation and internal quotations omitted); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 529-30 (9th Cir. 1985). Plaintiff must also be given some notice of the complaint's deficiencies prior to dismissal. *See Cato*, 70 F.3d at 1106.

The Court gave plaintiff an opportunity to amend his complaint and provided guidance when it ordered plaintiff to amend the complaint to name a proper defendant (Dkt. 6). Under the facts alleged by plaintiff it was reasonable for County law enforcement personnel to conclude that plaintiff had escaped when he was released from the hospital and he went home. In addition, the prosecutor, who also represents the County, has addressed absolute immunity in the motion to dismiss (Dkt. 11, p. 11). Under this set of facts, the Court concludes that further amendment would be futile. The Court recommends that this action be dismissed with prejudice for failure to state a claim.

1   D. Strike and objection period.

2   28 U.S.C. § 1915(g) provides:

3   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court recommends dismissal of this action for failure to state a claim. The Court's dismissal of plaintiff's action under these terms counts as a strike. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 1, 2014, as noted in the caption.

Dated this 9th day of July, 2014.

_____
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8