1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

TEON MORRIS,

10

Plaintiff,

11

v.

12

D. BLOWERS, PIERCE COUNTY,

13

Defendants.

CASE NO. C13-5989 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
MAY 15, 2015

14

15

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

16

Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local

17

Magistrate Judge Rules MJR1, MJR3 and MJR4.

18

Currently before the Court is defendants' renewed motion to dismiss, brought pursuant to

19

Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (Dkt. 22). The Court rejects defendants'

20

argument that the statute of limitation in this action is the two-year statute of limitation used for

21

the state torts of false arrest and false imprisonment. Washington State's three-year personal

22

injury statute of limitation applies to civil rights actions. However, under the facts of this case,

23

plaintiff's false arrest claim against defendant Blowers is still untimely. Further, on the merits,

24

plaintiff fails to state a claim for false arrest or false imprisonment against defendant Blowers or

1   Pierce County.  Plaintiff has been given multiple opportunities to amend his complaint.

2   Accordingly, the Court recommends dismissal of the action for failure to state a claim with the

3   dismissal counting as a strike pursuant to 28 U.S.C. § 1915.

4                                          PROCEDURAL HISTORY

5        This is defendants' second motion to dismiss.  The Court recommended granting the first

6   motion, but gave plaintiff leave to amend his complaint (*see* Dkt. 14).  Plaintiff's second

7   amended complaint did not comply with Fed. R. Civ. P. 8.  The Court ordered plaintiff to file a

8   third amended complaint (Dkt. 20).  After plaintiff filed a third amended complaint (Dkt. 21),

9   defendants renewed their motion to dismiss (Dkt 22).

10                                         STANDARD OF REVIEW

11        1.   Fed. R. Civ. P. 12(b)(1) - Subject matter jurisdiction based on the statute of

12   limitations.

13        Fed. R. Civ. P. 12(b)(1) authorizes the dismissal of a case for lack of subject matter

14   jurisdiction if the district court lacks the statutory and constitutional power to adjudicate the case.

15   *Home Builders Ass'n of Miss., Inc v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  A

16   court may dismiss for lack of jurisdiction based on any one of three things: (1) the complaint

17   alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint

18   supplemented by undisputed facts plus the court's resolution of disputed facts.  *Clark v. Tarrant*

19   *County*, 798 F.2d 736, 741 (5th Cir. 1986).  As with a Fed. R. Civ. P. 12(b)(6) motion, for

20   purposes of ruling on the motion, material allegations in the complaint are taken as admitted.

21        2.   Fed. R. Civ. P. 12(b)(6) - Dismissal for failure to state a claim.

22        *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss

23   a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal

24

REPORT AND RECOMMENDATION - 2

theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Court liberally construes a pro se pleading but cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

3.      Documents considered.

In considering defendants' motion to dismiss, the Court has considered the facts as alleged that plaintiff set forth in both his first and third amended complaints (Dkt. 7 and 21). Plaintiff's first amended complaint contained a much more detailed statement of facts, while the third amended complaint named proper defendants. Further, the Court has considered Pierce County Superior Court public records that are attached to counsel's affidavit (Dkt. 23). These documents include the information charging plaintiff with escape, the order establishing conditions pending trial on the escape charge, the motion and order dismissing the escape charge with prejudice, and the docket sheets on plaintiff's underlying misdemeanor charges (*id*.). The Court may review "materials of which the court may take judicial notice" without converting a

1    motion to dismiss to a motion for summary judgment.  *See Barron v. Reich*, 13 F.3d 1370, 1377

2    (9th Cir. 1994).

3                                                          FACTS

4              Unnamed law enforcement personnel initially arrested plaintiff pursuant to a Pierce

5    County District Court warrant issued on July 20, 2010 (*see* Dkt. 23, p. 14).  Plaintiff had failed to

6    appear on two misdemeanor charges (*id.*).  Unnamed law enforcement personnel arrested

7    plaintiff on August 19, 2010 (*id.*).  The Pierce County District Court scheduled plaintiff to appear

8    on August 20, 2010 (*id.*).  However, plaintiff became ill and jail officials moved plaintiff from

9    the Pierce County Jail to Tacoma General Hospital (*see* Dkt. 7, p. 3).  After plaintiff spent

10   several days in the hospital, hospital staff released him and told him to go home and continue

11   taking his medication (*id.*).  On August 26, 2010, after plaintiff had recovered from his illness,

12   plaintiff returned to the Pierce County Jail to retrieve his personal property.

13             Defendant Blowers arrested plaintiff for second degree escape on August 26, 2010, when

14   plaintiff returned to the jail to retrieve his personal property (*id.*).  On August 27, 2010, the

15   Pierce County District Court released plaintiff from confinement on the misdemeanor charges

16   (Dkt. 23, p 15). The Pierce Superior Court escape charge was still pending, thus plaintiff

17   remained in jail (Dkt. 23, p. 7).  The Pierce County Superior Court appointed counsel and found

18   probable cause to hold plaintiff on the escape charge (*id.*).  Plaintiff did not post bail and the state

19   held plaintiff from August 26, 2010 until January 12, 2011.  On January 11, 2011, defense

20   counsel determined that plaintiff actually had discharge papers from the hospital telling him to

21   go home (*see* Dkt. 7, p. 3.).  The State dismissed the escape charge against plaintiff with

22   prejudice the next day and released plaintiff (*see* Dkt. 12, pp. 11-12).  Plaintiff filed this civil

23

24

REPORT AND RECOMMENDATION - 4

1    rights action on November 15, 2013, against defendants Blowers and Pierce County alleging

2    false arrest and unlawful incarceration (Dkt. 21, p. 4).

3          Defendants argue the complaint fails to state a claim.  Defendants also argue that the

4    Court lacks subject matter jurisdiction because the statute of limitations for a tort claim for false

5    arrest and false imprisonment is two years in Washington State (Dkt. 22, p. 4).

6                                      DISCUSSION

7          1.      The statute of limitations.

8          Defendants argue that Washington State's two year statute of limitations for a state tort

9    claim for false arrest or false imprisonment, RCW 4.16.100(1), applies to this action (Dkt. 22 pp.

10   2-3).  Defendants also argue that the Court lacks subject matter jurisdiction based on their statute

11   of limitations argument (*id*.).  In a civil rights action, the running of the statute of limitation is an

12   affirmative defense that does not deprive the Court of subject matter jurisdiction.  *See generally*

13   *Reynolds v. Sheet metal Workers, Local 102*, 702 F.2d 221, 224 (9th Cir. 1981).  Thus, the Court

14   has subject matter jurisdiction.  Further, defendants' argument that a shorter two-year time frame

15   applies fails on the merits.  However, even applying the longer three-year statute of limitations,

16   plaintiff's false arrest claim is untimely.

17         United States District Court Judge Robert J. Bryan has previously decided this issue in a

18   published opinion.  *Manning v. Washington*, 463 F. Supp. 2d 1229, 1234 (W.D. Wn. 2006).

19   Judge Bryan held that state law tort claims for false arrest and false imprisonment were subject to

20   a two-year statute of limitations, but that the corresponding civil rights claims are subject to a

21   three-year statute of limitations.  *Id*.  *See also, Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.

22   1981)(holding that there is a three-year statute of limitations for civil rights action filed in

23   Washington State).  Plaintiff filed his action as a civil rights action pursuant to 42 U.S.C. § 1983.

24

1   Liberally construing the complaint, plaintiff alleges his Fourth Amendment rights were violated

2   by his arrest for escape on August 26, 2010 (Dkt. 21).

3           Plaintiff's claims against defendants for false arrest are untimely.  Since defendant

4   Blowers arrested plaintiff on August 26, 2010 (Dkt. 21, p. 3) and plaintiff did not file this action

5   until November 15, 2013, the complaint was filed over three years after his arrest (Dkt. 1).

6   Accordingly, the Court recommends dismissing plaintiff's false arrest claims as untimely.  In the

7   alternative, the Court will also address the claim on the merits.

8           Plaintiff also alleges that his Fourth Amendment rights were violated by his false

9   imprisonment from August 26, 2010 until January 12, 2011 (Dkt. 21).  Since a portion of that

10  imprisonment occurred within three years of plaintiff's filing of the complaint, this claim does

11  not violate the statute of limitations.  Nevertheless, as explained below, his complaint still fails to

12  state a claim.

13          2.      Failure to state a claim.

14          A.      False arrest.

15          In a civil rights action, a claim of false arrest is analyzed under the Fourth Amendment.

16  *See generally Atwater v. City of Lago Vista*, 532 U.S. 318, 326 (2001).  The question is whether

17  or not the arresting officer had probable cause to arrest.  *Atwater*, 532 U.S. at 354.

18          Under the Fourth Amendment, a warrantless arrest requires probable
        cause. *See Michigan v. Summers*, 452 U.S. 692, 700, 101 S.Ct. 2587, 69 L.Ed.2d
19      340 (1981). Probable cause to arrest exists when officers have knowledge or
        reasonably trustworthy information sufficient to lead a person of reasonable
20      caution to believe that an offense has been or is being committed by the person
        being arrested. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142
21      (1964). Alternatively, this court has defined probable cause as follows: when
        "under the totality of circumstances known to the arresting officers, a prudent
22      person would have concluded that there was a fair probability that (the defendant)
        had committed a crime." *United States v. Smith*, 790 F.2d 789, 792 (9th Cir.1986).

23
    *U.S. v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

24

1      At the time of plaintiff's arrest on August 26, 2010, defendant Blowers knew that the jail

2 had not released plaintiff from custody on his misdemeanor charges.  Defendant Blowers also

3 knew that plaintiff left the hospital without being released from jail.  Defendants argue that the

4 District Court order that plaintiff be released only on payment of bail was still in effect (Dkt. 22,

5 p. 4). The facts as alleged in the complaint and shown through public records show that

6 defendant Blowers had probable cause to arrest plaintiff both on misdemeanor charges and for

7 escape.

8      Plaintiff does not maintain that defendant Blowers played any part in the decision to hold

9 plaintiff until January 12, 2011.  Accordingly, the Court recommends dismissal of defendant

10 Blowers and the false arrest claim because plaintiff fails to state a claim.

11      B.     False imprisonment.

12      The remaining defendant is Pierce County. Pierce County is considered a municipality

13 for purposes of § 1983.  *See generally Oviatt v. Pearce*, 954 F.2d 1470, 1473-74 (allowing suit

14 against a county under the civil rights act). To establish municipal liability under § 1983, a

15 plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a

16 policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and

17 (4) the policy is the moving force behind the constitutional violation.  *See Oviatt v. Pearce*, 954

18 F.2d 1470, 1474 (9th Cir. 1992).  The Supreme Court has emphasized that the unconstitutional

19 acts of a government agent cannot, standing alone, lead to municipal liability; there is no

20 *respondeat superior* liability under § 1983.  *Monell v. New York City Dept. of Social Services*,

21 436 U.S. 658, 692 (1978).  A municipality may only be liable if its policies are the "'moving

22 force [behind] the constitutional violation.'"  *City of Canton v. Harris*, 489 U.S. 378, 389

23 (1989), (*quoting Monell* at 694).

24

1    Construing the complaint liberally in favor of plaintiff, the alleged false imprisonment

2    was an isolated incident.  Plaintiff does not allege that there is any policy or custom of Pierce

3    County that amounts to deliberate indifference or violates plaintiff's constitutional rights (Dkt.

4    21).  Accordingly, the Court recommends that the claims against Pierce County be dismissed for

5    failure to state a claim.

6                                                    CONCLUSION

7    The Court recommends granting defendants' motion to dismiss plaintiff's false arrest

8    claim as the claim is untimely and because defendant Blowers had probable cause to arrest.  The

9    Court recommends denying Pierce County's motion on the statute of limitations for the false

10   imprisonment claim, but granting summary judgment in favor of Pierce County pursuant to Fed.

11   R. Civ. P. 12(b)(6) because there is no allegation that plaintiff's imprisonment was the result of

12   Pierce County's customs or policies.

13   Because this is a dismissal for failure to state a claim the dismissal would count as a

14   strike pursuant to 29 U.S.C. § 1915(g).

15   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

16   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

17   6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

18   review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

19   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May

20   15, 2015, as noted in the caption.

21   Dated this 22nd day of April, 2015.

22

23   _____

24   J. Richard Creatura
     United States Magistrate Judge

REPORT AND RECOMMENDATION - 8